**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Marina District Development Company, LLC, | Case No. 2:20-cv-01592-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| AC Ocean Walk, LLC, et al., | |
| Defendants. | |

On November 5, 2020, the court denied Plaintiff's motion to seal the declarations of James Bruno and Hugh Turner in support of its motion for a temporary restraining order and injunctive relief (ECF No. 11) but allowed it to re-file its request. Those declarations are currently filed under seal under at ECF Nos. 12 and 13. Plaintiff filed its renewed motion (ECF No. 137) and now seeks to file a redacted version of those declarations, which are at ECF Nos. 137-1 and 137-2. Defendants oppose the renewed request, and the opposition is currently filed under seal at ECF No. 144. Plaintiff replied at ECF No. 146. The court finds that Plaintiff has overcome the prior deficiencies and that compelling reasons exist to redact the names and associated gambling-related information of Plaintiff's customers. As a result, and as explained below, the court will grant Plaintiff's motion at ECF No. 137.

Defendants Callahan and Burke filed a motion requesting, out of an abundance of caution, leave to file their opposition to Plaintiff's motion at ECF No. 137 under seal. ECF No. 145.[1] The sealed opposition is at ECF No. 144. Defendants Callahan and Burke do not believe there is a

---

[1] The court realizes that this motion is not ripe. Nevertheless, given the arguments already presented and the analysis in this Order, no additional briefing is needed.

need for this information to be sealed. For the reasons explained below, the court grants in part and denies in part ECF No. 145 and orders Defendants to redact the names and gambling-related information contained in their sealed opposition (currently filed as ECF No. 144).

Lastly, Defendants filed a motion, also out of an abundance of caution, seeking leave to file a supplement to ECF No. 51 under seal (ECF No. 115).[2]  The supplement is currently filed under seal at ECF No. 114. Defendants do not believe that there is a need for this information to be sealed. For the reasons explained below, the court grants in part and denies in part ECF No. 115 and orders Defendants to redact the names and gambling-related information contained in their sealed supplement (currently filed as ECF No. 114).

## I.  Plaintiff's motion to redact the declarations of James Bruno and Hugh Turner (ECF No. 137)

### A. Is Plaintiff's motion to seal moot?

Defendants cite to *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-536-GMN-VCF, 2012 WL 3562027 (D. Nev. Aug. 15, 2012) for the proposition that Plaintiff cannot meet the compelling reasons standard to maintain these declarations under seal, given Plaintiff already made these names public during the preliminary injunction hearing before the district court. The court agrees with Plaintiff that the court in *FTC v. AMG Servs*. denied the motion to seal on the grounds that the information sought to be sealed was general in nature—and not on the grounds that the information had already been made public. Defendants do not provide any other authority for the proposition that Plaintiff's mention of these clients during the preliminary injunction hearing automatically moots this request. The court, therefore, declines to dispose of this motion on these grounds, although, as discussed below, this is a relevant factor in the substantive analysis.

### B. Does the "Law of the Case" doctrine require this court to grant Plaintiff's request?

Plaintiff argues that the district court's ruling at ECF Nos. 88 and 89 (allowing Plaintiff to seal the names of customers and any other trade secret information) has become the law of the case. As such, Plaintiff argues this court is bound to apply that same holding to the instant motion. Defendants first cite to *Center for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090

---

[2] ECF No. 51 is Defendants' opposition to Plaintiff's request at ECF No. 11 to seal the declarations in question.

1    (9th Cir. 2013), and argue that the law of the case doctrine does not apply at the preliminary

2    injunction phase. Next, Defendants argue that the issue in question was not explicitly decided or

3    necessarily implied by the district court's prior ruling, as required by *United States v. Jingles*, 702

4    F3d 494, 499 (9th Cir. 2012). As such, according to Defendants, the law of the case doctrine is

5    inapplicable.

6          "Issues that a district court determines during pretrial motions become law of the case."

7    *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) (citation omitted). "Under the 'law of

8    the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided

9    by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494,

10   499 (9th Cir. 2012) (*quoting Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)).

11   "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary

12   implication in [the] previous disposition." *Id*. at 499–500 (*quoting United States v. Lummi Indian

13   Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). A court has discretion to depart from the law of the

14   case, however, where: 1) the first decision was clearly erroneous; 2) an intervening change in the

15   law has occurred; 3) the evidence on remand is substantially different; 4) other changed

16   circumstances exist; or 5) a manifest injustice would otherwise result. Failure to apply the

17   doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of

18   discretion. *Thomas v. Bible*, 983 F.2d 983, 155 (9th Cir. 1993).

19         Both of Defendants' arguments fail. First, the court agrees with Plaintiff that *Salazar* is

20   not applicable. In that case, the Ninth Circuit had to decide whether a *prior* Ninth Circuit panel

21   that affirmed the district court's denial of appellants' preliminary injunction motion became the

22   law of the case as to certain issues intertwined with the preliminary injunction. *Salazar,* 706 F.3d

23   at 1090. The Ninth Circuit explained that *its* "decisions at the preliminary injunction phase do not

24   constitute the law of the case" because "decisions on preliminary injunctions . . . must often be

25   made hastily and on less than a full record." *Id*. (*quoting S. Or. Barter Fair v. Jackson Cnty*., 372

26   F.3d 1128, 1136 (9th Cir.2004)).

27         The procedural posture of this case is entirely different from that in *Salazar*. Here,

28   Plaintiff argues the law of the case doctrine applies given the district court's prior ruling on a

*sealing matter* where Plaintiff sought the same relief sought in the instant motion: to maintain trade secrets, including customer names, under seal. There is no question that the district court granted Plaintiff's motion (ECF No. 88) to maintain "names and any other trade secret information that the parties stipulate to" under seal (in the sense that they could be redacted).[3] ECF No. 96 at 68. Thus, the court finds that reaching a different result would be an abuse of discretion as it would be "reexamining an issue previously decided by the same court, or a higher court, in the same case." *Jingles*, 702 F.3d at 499.

Next, the issue in question was indeed "decided or necessarily implied" by the district court's prior ruling. *Id.* As mentioned above, the issue is the same one: whether trade secrets, including customer names, should remain sealed. It is routine in this (and most other districts) for district judges to refer certain motions to the magistrate judge for orders or reports and recommendations. The fact that the district judge referred the instant motion to the undersigned magistrate judge simply means that the magistrate judge was assigned to resolve the issue—but it does not in any way change the fact that the law of the case would, absent an applicable exception, preclude this court from arriving at a different result. No exception was argued by Defendants and the court does not find any would apply.

**C. Has Plaintiff met the compelling reason standard?**

Even if the law of the case doctrine did not apply, this court would still conclude that the compelling reason standard has now been met. Plaintiff's prior motion to seal at ECF No. 11 provided a one line justification for sealing, which this court found was insufficient. In addition, Plaintiff previously argued—incorrectly—that this court should apply the "good cause" standard. The current request applies the correct standard and provides a sufficient factual basis for the requested redactions such that this court would not need to rely on hypothesis or conjecture.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). When a party seeks to seal documents submitted in conjunction with a dispositive motion such as a preliminary injunction, the party

---

[3] The district court also acknowledged that the parties would not stipulate to maintain the names of these customers under seal, but she would allow for the names to remain sealed. ECF No. 96 at 68.

must show a "compelling reason" exists to seal or redact the documents. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025-26 (9th Cir. 2014) (*citing Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). "Generally speaking, compelling reasons exist when court records 'might have become a vehicle for improper purposes,' such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 429 (9th Cir. 2011) (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

When applying the compelling reasons standard, "a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679. In essence, the court must "balance the competing interests of the public and the party seeking to seal judicial records." *Kamakana*, 447 F.3d at 1179. "Relevant factors" include, but are not limited to, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679.

A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Restatement of Torts* § 757, cmt. b.

Starting with Mr. Bruno's declaration, Paragraphs 5 through 11 identify the names of three of Borgata's high-level customers. ECF No. 137-1. Paragraph 5 identifies the customers' gaming preferences (including dates of visits to Borgata) and value and revenue to Borgata. *Id*. Paragraph 6 identifies the customers' names and which hotel room they were located in on a specific date, which provides information about their accommodations. *Id*. Paragraphs 7, 8, and 9 identify the customer's name and in Paragraph 9, the specific date of the customer's gaming is provided. *Id*. Paragraph 10 identifies the name of a customer, the date the customer was gaming, and information regarding the value and revenue that customer provides to Borgata. *Id*. Paragraph

11 identifies the customer's name, the date of the customer's last visit to Borgata, the nature and amount of certain incentives offered to the customer by Borgata, and information concerning the customer's gaming wins and/or losses. *Id.*

As to Mr. Turner's declaration, Paragraph 9 identifies the name of a Borgata customer and private information about the customer's travel history and preferences. ECF No. 137-2. Paragraph 11 contains the name of a customer, the value and revenue of the customer to Borgata, and private information about the customer's travel history and preferences. *Id.* Paragraphs 12 through 15 contain the names of several Borgata customers and the revenue those customers represent to Borgata. *Id.* Attached to Mr. Turner's declaration (see Exhibit A thereto) is an excerpt of Defendant Callahan's Borgata cellphone records showing his calls to certain Borgata customers referenced in Mr. Turner's declaration.

The court finds that the customer names and related information that appear in these declarations and attachments qualify as trade secrets. It constitutes information that provides Plaintiff an advantage over competitors who are not aware of the information. The court is not persuaded by Defendants' argument to the contrary. Here, Plaintiff seeks to redact not just the names of these customers (which arguably would still qualify as a trade secret given the way in which the information could be used by competitors), but information associated with their gambling habits and incentives for gambling where they do.

The court also considered the fact that Plaintiff has named these individuals during a public hearing. This is certainly a fact that cuts against Plaintiff in the analysis, as Plaintiff did not exercise the degree of discretion it now asks the court to in seeking to seal these documents. The court considers that Plaintiff's mention of certain names was in the context of arguing for a preliminary injunction and the fact that failing to redact these names would provide additional access to this information. At bottom, the court construes Plaintiff's request as one not to further expose this information and, on balance, finds that compelling reasons still exist to redact this information.

Plaintiff explains that the customer information has been compiled by Borgata throughout the course of its relationships with its customers, how competitors could use it to lure Borgata's

1   customers away if this information were publicly identified, and how it would allow competitors

2   to gain an unfair advantage. Given the nature of the business, the court finds this is a sufficient

3   factual basis upon which to seal the information.[4]

4       Further, the redactions the court is allowing are narrowly tailored to protect only

5   information that constitutes Plaintiff's trade secrets: identities of its customers, their gaming,

6   travel and accommodation preferences, their gaming history in terms of month(s) and day(s) of

7   their visits to Borgata, the customer's value and revenue to the Borgata, and the complementary

8   and incentive items given to the customers by Borgata. These redactions do not prevent the public

9   from understanding the judicial process. That is, the specific names of Borgata's customers and

10  related information are not relevant to whether or not issuance of the preliminary injunction is

11  warranted.

12      Because the court finds that the compelling reason standard is met under *Kamakana* and

13  its progeny, it does not reach any other arguments made by Plaintiff in support of the requested

14  redactions.

15  **II.  Defendants' motions to seal (ECF Nos. 115 and 145)**

16      The court adopts the same analysis is it did above as to Defendants' motions at ECF Nos.

17  114 and 145.

18      **IT IS ORDERED** that Plaintiff's motion at ECF No. 137 is GRANTED. Plaintiff shall

19  file a notice entitled "Redacted declarations of James Bruno and Hugh Turner in support of

20  Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief replacing ECF Nos. 12

21  and 13" and include the proposed redactions contained in ECF Nos. 137-1 and 137-2. Plaintiff

22  must also include a redacted version of the call log in ECF 13-1.

23  _____

24  [4] While Defendants argue that these individuals could be identified while they are gambling on a populated casino floor, based on the amounts these individuals gamble it seems unlikely that Plaintiff would not take precautions in

25  that regard. Where they gamble and the extent to which they could be identified is conjecture and ultimately does not weigh in favor of not redacting the information.

26  The court also acknowledges Defendants' argument that Plaintiff may have another underlying motivation to redact this information. Yet, the court cannot make decisions based on parties' speculations as to what may motivate each

27  request. The court makes its decision based on the application of the law to the stated facts (unless there is reason to question the facts). The court does not question the facts in this case; the failure to redact the information at issue

28  would ultimately harm Plaintiff. Thus, as it applies to this case, any other motivation behind this request would not be part of the analysis.

1    **IT IS FURTHER ORDERED** that Defendant's Motion at ECF No. 145 is GRANTED

2    IN PART and DENIED IN PART. The court orders Defendants to redact the names and

3    gambling-related information contained in its sealed opposition (currently filed as ECF No. 144)

4    and file this redacted document with the title "Notice of redacted opposition to ECF No. 137

5    replacing the sealed opposition at ECF No. 144."

6    **IT IS FURTHER ORDERED** that Defendant's Motion at ECF No. 115 is GRANTED

7    IN PART and DENIED IN PART. The court orders Defendants to redact the names and

8    gambling-related information contained in its sealed supplement (currently filed as ECF No. 114)

9    and file this redacted document with the title "Notice of redacted supplement to ECF No. 51

10   replacing the sealed supplement at ECF No. 114."

11   DATED: January 11, 2021

12   _____

13   BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28